STATE OF MAINE                                  SUPERIOR COURT
PENOBSCOT, SS.                                  Docket No. AP-04-31
                                                AP-04-32

WE THE PEOPLE,                    )
            Petitioner,           )
                                  )
                                  )
                                  )        ┌─────────────────────────┐
      v.                          )        │  FILED & ENTERED        │
                                  )        │  SUPERIOR COURT         │
                                  )        │                         │
                                  )        │    MAR 05 2005          │
BOARD OF ENVIRONMENTAL            )        │                         │
PROTECTION, et als,               )        │  PENOBSCOT COUNTY       │
            Respondents.          )        └─────────────────────────┘
                                  )
PAUL C. SCHROEDER,                )        **DECISION AND JUDGMENT**
            Petitioner,           )
                                  )
                                  )
                                  )
      v.                          )
                                  )
DEPARTMENT OF ENVIRONMENTAL)
PROTECTION and BOARD OF           )
ENVIRONMENTAL PROTECTION,         )
et als,                           )
            Respondents,          )

The Petitioners in these consolidated appeals challenge a decision of the Board of Environmental Protection (herein, the BEP) dated October 21, 2004, which affirmed a decision of the Commissioner of the Department of Environmental Protection (herein, DEP) approving a license amendment which was sought by the Maine State Planning Office (herein, SPO). The license amendment approved an increase in the final elevation and allowed additional waste streams of the West Old Town Landfill (herein, WOTL) operation. The landfill is operated by a private contractor – Casella Waste Systems (herein, Casella).

Petitioner WE THE PEOPLE (herein, WTP) is an unincorporated association of individuals residing in the Old Town area who may be affected by the landfill operation. Petitioner Paul C. Schroeder (herein, Schroeder) is a resident of Orono. Casella and SPO have been granted intervener status in this matter.

The Petitioners raise several points on these appeals. They request that the BEP decision be vacated, that the proposed alterations in the license be considered expansions pursuant to Maine law (thus triggering public hearings), that the BEP be ordered to conduct further public hearings, that the Attorney General cannot represent both BEP and SPO, and declare that the State cannot constitutionally exclude out-of-

state waste. Schroeder asks that the licensing process be recommenced from the start and that the application be treated as one for a landfill expansion. He further asks the court to limit the amount of construction materials which may be disposed at WOTL.[1]

The BEP is vested with the exclusive authority to issue licenses for solid waste landfill facilities. 38 MRSA § 1301, et seq.; Maine Solid Waste Management Rules. The BEP can hold public hearings as a matter of discretion on any appeal on any licensing process. 38 MRSA §341-D(4). For hearings on new licenses or landfill expansion applications, the BEP must hold a public hearing. 38 MRSA §1310-S(2). Expansion applications must satisfy extensive requirements established by rule. See 06-096 CMR 400.3D(1)(d). A solid waste facility which is owned and operated under the auspices of the SPO is not considered to be a commercial waste disposal facility. 38 MRSA § 1303-C(6)(D).

The SPO took ownership and proprietorship of the West Old Town Landfill in 2003, and entered into a contract with Casella to manage the facility on its behalf. License applications and other administrative proceedings were undertaken according to law late 2003, and public comment was duly solicited and hearings were held. The DEP issued an order conditionally approving the license amendment which is the subject of this appeal. Through the summer of 2004, hearings were held and the BEP eventually voted to uphold the amendments. This Rule 80C matter followed.[2]

Petitioner Schroeder has filed a motion to modify the record. By agreement, the parties have agreed to allow Schroeder to append and refer to these documents in his brief. He has submitted a binder containing the materials to the court as part of his argument.

The parties agree that this court reviews administrative decisions such as the one before the court for violations of law, unauthorized action by the agency, unlawful procedure, errors of law or bias, findings supported by the actual record, and arbitrary or capricious action. The court defers to agencies upon technical issues and interpretations of law which are in the unique jurisdiction and experience of the agency.

After a review of the record, the court concludes as follows:

The alterations to the license which were sought in the application do not constitute expansions pursuant to Maine law. The court concludes that expansion ordinarily connotes a further incursions beyond the current boundary or "footprint" of the landfill site on a horizontal plane. While this interpretation is not expressly stated as such within the statutes or rules, the court is satisfied that this is the appropriate interpretation to be drawn. As the proposed amendment simply allows an increase in the elevation of the landfill from 270 feet to 390 feet, no additional sub-surface

---

[1] Schroeder also purports to appeal from the decision of the DEP in this matter. As the time for such appeals has passed, 38 MRSA §346, Schroder's appeal, as it relates to the DEP only, is hereby dismissed.

[2] Pleadings originally included independent claims for declaratory relief, but these claims have been voluntarily dismissed during the pendency of this matter.

considerations are necessary. Similarly, although the increase in waste streams may result in a faster filling of the site, they do not expand the perimeter of site as such. The court declines to conclude that these increases in use constitute "expansions" as the word is used as a term of art in landfill laws.

Public hearings on license expansions are discretionary – the BEP has the authority to make this decision based upon the facts and circumstances of the particular application. Public hearings should be held where there are conflicting credible technical opinions which must be resolved and which would benefit from public comment. In the instant matter, the record discloses no conflicting technical information which could benefit from public comment. The court does not conclude, as the Petitioners propose, that the record contains "inherent" conflicts which should trigger a public hearing. The BEP was well within its discretion to decline to hold public hearings.[3]

The Attorney General's Office may represent two governmental agencies in administrative proceedings. Additionally, no administrative agency in this proceeding is authorized to act upon assertions of conflict of interest. Both points are matters of well settled law.

The BEP has the authority to order conditions upon a license or license expansion which includes future monitoring and studies. The fact that these conditions will be met in the future – after the conditional approval of a license – does not render them ipso facto improper or otherwise undermine the licensing process. Indeed, the existence of such conditions insures that future compliance will be monitored and met. Any failure to satisfy such requirements will result in action including possible loss of the license.

The extensive record in this matter includes evidence which supports the findings in the DEP and BEP decisions. The evidence includes reference to ground water flow, ground water quality, wetlands, wildlife, and similar concerns. The decisions give considerable attention to hydrogeology and geology. Issues of noise, odor, impact and traffic have been the subject of the licensing applications and review. The Petitioners are unable to point to any particular, material finding which is utterly without support in the record.

The court is satisfied that the background information sought and obtained with regard to Casella's proposed management of the site is more than adequate and appropriate. The DEP's findings on civil and criminal history of the applicant are sufficiently detailed to allow appellate review.

Petitioners argue that prohibitions on out-of-state waste by the State of Maine are unconstitutional or otherwise unlawful. The court questions whether this issue is properly presented by the instant appeal. However, assuming it is…the court declines to agree.

---

[3] It should be noted that no requests for hearings were presented by the Petitioners.

Petitioner Schroeder seeks to supplement the record with materials which were allegedly offered and refused in the administrative proceedings below. The Petitioner has presented the court with a large green loose leaf binder containing a multitude of activity and transaction reports generated in 2003,[4] a snippet of a transcript of a colloquy between Mr. Eaton and Mr. Lommler at a hearing, and an activity report from June, 2004. The court has reviewed the materials and concludes: (1) they are not particularly illuminating on the issues before the court, and (2) they are not properly before the court as part of the record. Although they will be received by the court as a manner of an offer of proof, the court declines to admit them as part of the substantive record.

The court determines that the remainder of the Petitioners' arguments are without substantive merit.

Accordingly, the Petitioners' appeals are denied, and Petitioner Schroeder's request to supplement the record is denied.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 1, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[4] The reports contain a considerable volume of data including dates, weights, types of material and amounts charged for waste disposal.

Date Filed __11/23/04__      __PENOBSCOT__      Docket No. __AP-2004-31__

County     Consolidated with AP-2004-32
2/16/05 Declaratory Relief Claims DISMISSED.

Action ____RULE 80C APPEAL____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

CASELLA WASTE SYSTEMS, INC., and
NEWSME LANDFILL OPERATIONS, LLC.
(Intervenors 1/18/05)

WE THE PEOPLE      vs.   BOARD OF ENVIRONMENTAL PROTECTION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MARCIA J. CLEVELAND, ESQ<br>BOWDOIN MILL, SUITE 204<br>ONE MAIN STREET<br>TOPSHAM, ME. 04086 | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006<br>BY: WILLIAM H. LAUBENSTEIN, III, AAG<br>FOR: STATE PLANNING OFFICE |
| | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME. 04333-0006<br>BY: JANET M. MCCLINTOCK, AAG<br>FOR: BOARD OF ENVIRONMENTAL PROTECTION |

| Date of Entry | |
|---|---|
| 11/23/04 | Petition for Review of Agency Action Pursuant to Rule 80C and Action for Declaratory Judgment filed by Petitioner. |
| 11/30/04 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. Copy forwarded to attorney for Plaintiff. |
| 12/6/04 | Notice of Appearance filed by William H. Laubenstein, III, AAG on behalf of Respondent, Board of Environmental Protection. |
| 12/6/04 | Copy of Notice of Assigned Justice forwarded to attorney for Respondent. |
| 12/10/04 | Board of Environmental Protection's Motion to Dismiss filed by Respondent, together with a proposed order. |
| 12/10/04 | Respondents' Motion to Consolidate filed, together with a proposed order. (consolidate with AP-2004-32) |
| 12/10/04 | Respondents' Motion to Enlarge Time to File Agency Record filed, together with a proposed order. |
| 12/10/04 | Board of Environmental Protection's Motion to Dismiss filed by Respondent, together with a proposed order. |
| 12/10/04 | State Planning Office's Motion to Dismiss filed, together with a proposed order. (Joins in Motion to Dismiss filed by the Board of Environmental Protection.) |
| 12/10/04 | Motion to Intervene of Casella Waste Systems, Inc./MEWSME Landfill Operations, LLC and Supporting Memorandum of Law filed, together with a proposed order. |

Date Filed __11/23/04__     __PENOBSCOT__     Docket No. __AP-2004-31__

County    Consolidated with AP-2004-32

2/16/05 Declaratory Relief Claims DISMISSED.

Action ___RULE 80C APPEAL___

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

|  |  |
|---|---|
| WE THE PEOPLE | CASELLA WASTE SYSTEMS, INC., and NEWSME LANDFILL OPERATIONS, LLC. (Intervenors 1/18/05) vs. BOARD OF ENVIRONMENTAL PROTECTION |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MARCIA J. CLEVELAND, ESQ BOWDOIN MILL, SUITE 204 ONE MAIN STREET TOPSHAM, ME. 04086 | OFFICE OF THE ATTORNEY GENERAL 6 STATE HOUSE STATION AUGUSTA ME 04333-0006 BY: WILLIAM H. LAUBENSTEIN, III, AAG FOR: STATE PLANNING OFFICE |
| | OFFICE OF THE ATTORNEY GENERAL 6 STATE HOUSE STATION AUGUSTA, ME. 04333-0006 BY: JANET M. MCCLINTOCK, AAG FOR: BOARD OF ENVIRONMENTAL PROTECTION |

| Date of Entry | |
|---|---|
| 11/23/04 | Petition for Review of Agency Action Pursuant to Rule 80C and Action for Declaratory Judgment filed by   PIERCE ATWOOD, LLP ONE MONUMENT SQUARE |
| 11/30/04 | Notice of Assigned Justice fil   PORTLAND, ME. 04101 Single Justice Assignment of ( referenced case is specially a   BY: CATHERINE R. CONNORS, ESQ. forwarded to attorney for Plai   THOMAS R. DOYLE, ESQ. FOR: CASELLA WASTE SYSTEMS, INC., and NEWSME LANDFILL OPERATIONS, LLC |
| 12/6/04 | Notice of Appearance filed by of Respondent, Board of Envir |
| 12/6/04 | Copy of Notice of Assigned Justice forwarded to attorney for Respondent. |
| 12/10/04 | Board of Environmental Protection's Motion to Dismiss filed by Respondent, together with a proposed order. |
| 12/10/04 | Respondents' Motion to Consolidate filed, together with a proposed order. (consolidate with AP-2004-32) |
| 12/10/04 | Respondents' Motion to Enlarge Time to File Agency Record filed, together with a proposed order. |
| 12/10/04 | Board of Environmental Protection's Motion to Dismiss filed by Respondent, together with a proposed order. |
| 12/10/04 | State Planning Office's Motion to Dismiss filed, together with a proposed order. (Joins in Motion to Dismiss filed by the Board of Environmental Protection.) |
| 12/10/04 | Motion to Intervene of Casella Waste Systems, Inc./MEWSME Landfill Operations, LLC and Supporting Memorandum of Law filed, together with a proposed order. |

Date Filed __11/29/04__      PENOBSCOT _____      Docket No. __AP-2004-32__

County Consolidated with AP-2004-31

Action _____ RULE 80C APPEAL _____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

CASELLA WASTE SYSTEMS, INC., and
NEWSME LANDFILL OPERATIONS, LLC.
(Intervenors 1/18/05)
DEPARTMENT OF ENVIRONMENTAL
PROTECTION AND BOARD OF
PAUL C. SCHROEDER      vs. ENVIRONMENTAL PROTECTION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAUL C. SCHROEDER, Pro se<br>13 HAMLIN STREET<br>ORONO, ME. 04473 | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006<br>BY: WILLIAM H. LAUBENSTEIN, III,A.A.G. |

PIERCE ATWOOD, LLP
ONE MONUMENT SQUARE
PORTLAND, ME. 04101
BY: CATHERINE R. CONNORS, ESQ.
THOMAS R. DOYLE, ESQ.
FOR: CASELLA WASTE SYSTEMS, INC., and
NEWSME LANDFILL OPERATIONS, LLC

| Date of Entry | |
|---|---|
| 11/29/04 | Petition for Review of Agency Actions Pursuant to Maine Rules of Civil Procedure 80C filed by Petitioner, Pro se. |
| 12/1/04 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. /s/Margaret Gardner, Clerk. Copy forwarded to Petitioner Pro se. |
| 12/6/04 | Notice of Appearance filed by William H. Laubenstein, III, AAG on behalf of Respondent, Board of Environmental Protection. |
| 12/6/04 | Copy of Notice of Assigned Justice form forwarded to attorney for Respondent. |
| 12/10/04 | Respondents' Motion to Consolidate filed, together with a proposed order. (consolidate with AP-2004-31) |
| 12/10/04 | Respondents' Motion to Enlarge Time to File Agency Record filed, together with a proposed order. |
| 12/10/04 | Motion to Intervene of Casella Waste Systems, Inc./NEWSME Landfill Operations, LLC and Supporting Memorandum of Law filed, together with a proposed order. |
| 12/10/04 | Notice of Appearance as Respondent-Defendants of Casella Waste Systems, Inc. and NEWSME Landfill Operations, LLC filed by Catherine R. Connors, Esq. |
| 12/10/04 | Motion to Consolidate of Casella Waste Systems, Inc./ NEWSME Landfill Operations, LLC and Supporting Memorandum of Law filed, together with a proposed order. (consolidate with AP-2004-31) |